UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GILBERTO JUNIO PEREIRA,<br>    Petitioner,<br><br>    v.<br><br>MICHAEL NESSINGER, Warden,<br>Donald W. Wyatt Detention Facility;<br>PATRICIA HYDE, Field Office<br>Director, ICE; TODD M. LYONS,<br>Acting Director of ICE; and KRISTI<br>NOEM, Secretary of Homeland<br>Security,<br>    Respondents. | C.A. No. 26-cv-109-MRD-PAS |

ORDER

    Before the Court is Petitioner Gilberto Junio Pereira's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner claims that the Respondents violated his due process rights and the Immigration and Nationality Act when they detained him on or about February 10, 2026 as he is not the individual listed on the Notice of Revocation of Release. *Id.* ¶¶ 13, 26, 28. The Government responds that this is not a case of mistaken identity and that Petitioner's re-detention is justified by changed circumstances. ECF No. 7.

    Petitioner claims the Notice of Revocation of Release lists a Gilberto Junio Pereira Vicente, which he asserts is a different person with a different date of birth. ECF No. 1 at 4 ¶¶ 14-16. The Notice lists the subject as having a 1988 birth year and the passport Petitioner submitted in support of his Petition reflects Petitioner's birth year is 1991. *Compare* ECF No. 1-1 at 2 *with* ECF No. 1-3 at 3. The Government does not address this discrepancy in its response to the Petition though the Court notes that Exhibit 2 to the Government's response (ECF No. 7-2) indicates that the Alien number reflected in the other documents submitted by the parties in this case is associated with both a Gilberto Junio Pereira-Vicente and a Gilberto Junio Pereira and associated birth years of 1920, 1988, and 1991.

    Regardless of whether this Petitioner was the intended target of the Notice, the regulations governing revocation of a noncitizen's release from detention pending removal are clear about what ICE needs to do and show prior to effectuating the revocation of release. *See* 8 C.F.R. §§ 241.13(f), (i)(2); *Kong v. United States*, 62 F.4th

608, 619–20 (1st Cir. 2023); *see also Thai v. Hyde*, 788 F. Supp. 3d 57, 61 (D. Mass. 2025). The Government's response to the Petition does not demonstrate that ICE followed or met the standard set out in § 241.13(i) when it detained Petitioner on February 10. ECF No. 7 at 5-6. In addition, the Government has failed to provide this Court with a travel document or any information relating to any request to obtain travel documents for Petitioner. While the Notice of Revocation of Release indicates that there are changed circumstances, it fails to include anything more than this generalized statement. ECF No. 7-1 at 1. The lack of information and evidence presented in response to the Petition is woefully insufficient to satisfy this Court that ICE, on or before February 10, had made an individualized determination that there was a change in circumstances for this Petitioner and that there was a "significant likelihood that [Petitioner] may be removed in the reasonably foreseeable future." *Kong*, 62 F.4th at 620 (quoting § 241.13(i)(2)). This Court may not make this finding in the first instance. *Id.* Therefore, the petition for writ of habeas corpus is GRANTED. The Respondents shall release Petitioner TODAY, February 26, 2026. The Court modifies its Order in ECF No. 5 only to allow Respondents to transfer Petitioner to the ICE Field Office in Burlington, Massachusetts to effectuate his release. Petitioner is expected to comply with the same conditions as those imposed in the order of supervision under which Petitioner has been placed since his release in 2019. *See* ECF No. 1-3.

While Petitioner is on supervised release, there is nothing in this Order to prevent Respondents from both confirming Petitioner's identity and, if warranted, requesting the Government of Brazil to accept Petitioner's return and securing travel documents to effectuate the same. If ICE secures a travel document for Petitioner, then ICE may re-detain him for removal. *See Kong*, 62 F.4th at 619–20.

IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge

02/26/2026